RADER, Chief Judge,
concurring.
I agree with, and join in, the majority opinion. However, in reviewing the claim constructions articulated by the district court, I observe that it read a great deal into the claims in the process of construing them. Thus, I write separately to articulate a couple claim construction principles that may assist the district court on remand when it revisits its constructions. First, in claim construction, one must not import limitations from the specification that are not part of the claim. Deere & Co. v. Bush Hog, LLC, 703 F.3d 1349, 1354 (Fed.Cir.2012). Indeed, claims generally are not limited to any particular embodiment disclosed in the specification, even where only a single embodiment is disclosed. Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc., 381 F.3d 1111, 1117 (Fed.Cir.2004). Second, and relevant to this case, a system claim generally covers what the system is, not what the system does. Hewlett-Packard Co. v. Bausch & Lamb Inc., 909 F.2d 1464, 1468 (Fed. Cir.1990); see also Roberts v. Ryer, 91 U.S. 150, 157, 23 L.Ed. 267 (1875) (“The inventor of a machine is entitled to the benefit of all the uses to which it can be put, no matter whether he had conceived the idea of the use or not.”). Thus, it is usually improper to construe non-functional claim terms in system claims in a way that makes infringement or validity turn on their function. Paragon Solutions, LLC v. Timex Corp., 566 F.3d 1075, 1091 (Fed.Cir.2009).